UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOSE ISAIAS CABRERA, | Case No. 3:19-cv-00200-MMD-CLB |
| Plaintiff, | ORDER |
| v. | |
| UNITED STATES OF AMERICA, *et al.*, | |
| Defendants. | |

This action began as a *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983 by an incarcerated individual. (ECF No. 1-1.) After Plaintiff filed his complaint, the Court sent Plaintiff an advisory letter, indicating, among other things, that Plaintiff must notify the court immediately upon any change of address and that if he failed to do so, the Court might dismiss this case. (ECF No. 2 at 1.) Roughly four months later, Plaintiff filed a change of address, indicating that he understood the requirement to update the Court with any change of address. (ECF No. 3.)

On March 9, 2020, the Court issued an order noting that it appeared that Plaintiff was no longer at his listed address and requiring Plaintiff to file his updated address within 30 days. (ECF No. 4 at 1.) The order stated that if Plaintiff failed to file his updated address within 30 days, this case would be dismissed without prejudice. (*Id.*) The Court did not receive any response from Plaintiff, and the Court dismissed this case without prejudice on April 29, 2020. (*Id.* at 6.) On June 22, 2020, more than three months after the Court issued its order requiring Plaintiff to file his updated address, Plaintiff filed a notice of change of address. (*Id.* at 9.)

It appears that Plaintiff may not have received the Court's previous orders and may

not be aware that this case has been dismissed without prejudice. As such, the Court directs the Clerk of Court to send Plaintiff copies of the Court's orders requiring him to update his address and dismissing this action without prejudice. Because this case has been dismissed without prejudice, Plaintiff may bring his claims in a new case by filing a complaint and application to proceed *in forma pauperis* in a newly opened case.

Alternatively, if Plaintiff feels that the Court dismissed this action in error, Plaintiff may file a motion for reconsideration. A party can also seek reconsideration under Federal Rule of Civil Procedure 60(b). *See* Fed. R. Civ. P. 60(b). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). A motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). District courts have discretion regarding whether to grant a motion to amend under Rule 59(e) or 60(b). *See Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014).

It is therefore ordered that the Clerk of the Court send Plaintiff a copy of the Court's orders requiring him to update his address (ECF No. 4) and dismissing this case without prejudice (ECF No. 6).

///
///
///
///
///
///
///

1    It is further ordered that the Clerk of the Court send Plaintiff the approved form for filing a § 1983 complaint, instructions for the same, and a copy of his original complaint (ECF No. 1-1), as well as the approved form application to proceed *in forma pauperis* by an inmate and the document entitled information and instructions for filing an *in forma pauperis* application.

DATED THIS 29th day of June 2020.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE