UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOSE ISAIAS CABRERA, | Case No. 3:19-cv-00200-MMD-CLB |
| Plaintiff, | ORDER |
| v. | |
| UNITED STATES OF AMERICA, *et al.*, | |
| Defendants. | |

This action began as a *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983 by an incarcerated individual. (ECF No. 1-1.) On March 9, 2020, the Court ordered Plaintiff to file his updated address with the Court within 30 days. (ECF No. 4.) On April 29, 2020, having not received any response from Plaintiff, the Court dismissed this action without prejudice and denied Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) as moot. (ECF No. 6.) Plaintiff has now filed a motion for reconsideration, requesting that the Court reopen this action. (ECF No. 11.)

In his motion for reconsideration, Plaintiff states that he was in transit moving between prisons from December 2019 until February 20, 2020. (*Id.* at 2.) Plaintiff then did not receive his legal property until March 26, 2020. (*Id.*) Plaintiff has not had access to the law library or legal materials since April 1, 2020, because the prison has been in lockdown due to COVID-19. (*Id.* at 2-3.) Cabrera managed to send out a notice of change of address to the Court in April of 2020, and he never received the Court's order dismissing this action for failure to update his address. (*Id.* at 3.) Plaintiff requests that the Court reinstate his claims in this action, and he believes that if he is required to pursue his claims in a new action, his claims may be time barred. (*Id.* at 4.)

Plaintiff is essentially asking this Court to set aside its judgment dismissing this action without prejudice pursuant to Federal Rule of Civil Procedure 60(b)(1). This rule

provides that a court may relieve a party or its legal representative from a final judgment, order, or proceeding for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1).

In *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, the Supreme Court interpreted "neglect" to encompass "both simple, faultless omissions to act and, more commonly, omissions caused by carelessness." 507 U.S. 380, 388 (1993). In assessing whether a set-aside is justified by a party's excusable neglect, courts apply a four-part test: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. *See id.* at 395.

The Court finds that Plaintiff meets the four-part test for excusable neglect. The danger of prejudice to the opposing party is low and the delay was not long. Furthermore, Plaintiff provided good reasons for his failure to timely file his updated address, and based on his explanation, Plaintiff acted in good faith. Accordingly, the Court grants Plaintiff's motion and vacates its judgement dismissing this action.

It is therefore ordered that Plaintiff's motion for reconsideration (ECF No. 11.) is granted.

The Clerk of Court is directed to vacate the Order and Judgment dismissing this action without prejudice (ECF Nos. 6, 7).

The Clerk of the Court is further directed to reopen this case.

The Clerk of the Court is also directed to reinstitute Plaintiff's motion to proceed *in forma pauperis* (ECF No. 1).

It is further ordered that the Court will screen Plaintiff's complaint in a separate order.

DATED THIS 24th day of July 2020.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE

2