UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

JOSE ISAIAS CABRERA,

Plaintiff,

v.

UNITED STATES OF AMERICA, *et al.*,

Defendants.

Case No. 3:19-cv-00200-MMD-WGC

ORDER

## I. DISCUSSION

This action began with a *pro se* civil rights complaint filed under 42 U.S.C. § 1983 by a former state prisoner. On September 17, 2020, the Court screened Plaintiff's complaint under 28 U.S.C. § 1915A. (ECF No. 14.) The Court found that the complaint did not include any valid claims against any named defendants, and, therefore, the complaint could not proceed to service. (*Id.* at 5.) The Court dismissed the complaint without prejudice and gave Plaintiff until February 1, 2021 to file an amended complaint including a least one valid claim against a named defendant. (*Id.* at 7.) The screening order stated that Plaintiff should use available prison procedures or file a properly supported and complete motion for the Court to issue a Rule 45 subpoena duces tecum to determine the names of any John Doe defendants. (*Id.* at 7.)

Plaintiff has now filed a motion requesting an additional 180 days to file an amended complaint. (ECF No. 18.) Plaintiff states that the names of the John Doe defendants are listed on a Compact Disk in the education department of the federal correctional facility where he is currently incarcerated. (*Id.* at 1.) However, due to COVID-19 lockdowns, Plaintiff is not currently able to access the education department. (*Id.*) The Court grants Plaintiff's motion in part. The Court extends the deadline for Plaintiff to file an amended complaint until May 1, 2021.

If Plaintiff cannot file an amended complaint by May 1, 2021, he must file another motion indicating why he has been unable to determine the names of the John Doe

1

defendants though prison procedures and why he has not filed a motion for the Court to issue a Rule 45 subpoena duces tecum.

Plaintiff has also filed a motion for appointment of counsel. (ECF No. 13.) A litigant does not have a constitutional right to appointed counsel in 42 U.S.C. § 1983 civil rights claims. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." However, the court will appoint counsel for indigent civil litigants only in "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (§ 1983 action). "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" *Id.* "Neither of these considerations is dispositive and instead must be viewed together." *Id.* There is currently no valid complaint in this case. The Court does not find exceptional circumstances that warrant the appointment of counsel. The Court denies the motion for appointment of counsel without prejudice.

## II.  CONCLUSION

It is therefore ordered that Plaintiff's motion for appointment of counsel (ECF No. 13) is denied without prejudice.

It is further ordered that Plaintiff's motion for an extension of 180 days to file an amended complaint (ECF No. 18) is granted in part. Plaintiff must file any amended complaint by May 1, 2021.

DATED THIS  8th  day of February 2021.

*William G. Cobb*
UNITED STATES MAGISTRATE JUDGE

2