UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOSE ISAIAS CABRERA,<br><br>　　Plaintiff<br><br>v.<br><br>NAPHCARE, et. al.,<br><br>　　Defendants | Case No.: 3:19-cv-00200-MMD-WGC<br><br>**Report & Recommendation of<br>United States Magistrate Judge**<br><br>Re: ECF No. 25 |

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Before the court is Defendants' Motion to Dismiss. (ECF Nos. 25, 25-1.) Plaintiff filed a response. (ECF No. 36.) Defendants filed a reply. (ECF No. 37.) Plaintiff then filed a supplemental declaration (ECF No. 38), which Defendants moved to strike (ECF No. 39). The court has granted the motion to strike in a separate order.

After a thorough review, it is recommended that Defendants' motion be denied.

**I. BACKGROUND**

Plaintiff is an inmate in custody of the Federal Bureau of Prisons; however, the allegations giving rise to this action took place when he was housed at the Washoe County Detention Facility (WCDF) pursuant to a federal contract. He is proceeding pro se with this action pursuant to 42 U.S.C. § 1983. (Am. Compl., ECF No. 20.)

The court screened Plaintiff's amended complaint and allowed him to proceed with a Fourteenth Amendment inadequate medical care claim against defendants Kocijanski, Snidow, and Schultz.

Plaintiff alleges that in May of 2016, he sustained a serious infection to his toe due to an ingrown toenail. He reported the infection to medical staff and was told to write an electronic medical inquiry. Six days later, he saw Kocijanski, a registered nurse. Kocijanski removed the top corner of the ingrown toenail, but left the bottom of the ingrown toenail in place. Kocijanski did not provide Plaintiff any other treatment, except recommending that deputies provide Plaintiff with fresh socks daily because of the pus and blood draining from his foot.

Plaintiff's infection continued to get worse, and he filed medical kites requesting treatment on August 21 and 31, 2016. Plaintiff was not seen until September 16, 2016, when healthcare providers denied his requests to remove his ingrown toenail and provide him antibiotics. The next day, Jennifer Snidow, a nurse practitioner, noticed Plaintiff had a severely ingrown toenail. She cut out part of the ingrown toenail, but did not remove it all or provide antibiotics.

On November 22, 2016, Plaintiff requested to see a doctor. On November 26, 2016, Snidow decided to attempt to remove part of the ingrown toenail surgically, but was unsuccessful. Plaintiff filed another kite on December 2, 2016, and was seen by Snidow on December 4, 2016. She acknowledged the wound was still tender, but did not provide him antibiotics or any other treatment.

On December 24, 2016, Plaintiff again kited medical noting his toe was purple and bleeding. On January 21, 2017, Schultz, a nurse practitioner, attempted to remove the ingrown toenail surgically, but was unsuccessful. On March 12, 2017, Snidow used nippers to cut out the

ingrown toenail. She did not use anesthetics because she said sticking Plaintiff with a needle would hurt more than cutting out the ingrown toenail. After cutting out the nail, Snidow remarked, "no wonder it never stopped draining pus and blood, it was ingrown all the way on the bottom, and it was quite a large piece."

Between March 30, 2017 and April 4, 2017, medical staff failed to do wound care for Plaintiff's toe because they were waiting for a pharmacy delivery. As a result, Plaintiff was sent back to his unit without any dressing to cover his open, infected wound, and he contracted MRSA and osteomyelitis. His toe had to be amputated, and amputation affects how he can walk and run and caused him further injuries as he tries to rebalance and compensate for the loss of his toe.

Defendants move to dismiss Plaintiff's complaint, arguing: (1) they were not properly served; and (2) the complaint is barred by the statute of limitations.

## II. DISCUSSION

**A. Motion to Dismiss for Insufficient Service**

Federal Rule of Civil Procedure 12(b)(5) allows a defendant to assert the defense of insufficient service of process in a motion.

"A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with Fed. R. Civ. P. 4." *Crowley v. Bannister,* 734 F.3d 967, 974-75 (9th Cir. 2013) (quotation marks and citation omitted).

The court must order service by a United States marshal or deputy marshal if the plaintiff is authorized to proceed *in forma pauperis* (IFP). Fed. R. Civ. P. 4(c)(3). 28 U.S.C. § 1915(d) similarly provides that in cases where the plaintiff is authorized to proceed IFP, "the officers of the court shall issue and serve all process."

An individual may be served by following state law on service or delivering a copy of the summons and complaint to the individual personally; leaving a copy at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or delivering a copy to an agent authorized by appointment or law to receive service. Fed. R. Civ. P. 4(e). Nevada law for service of an individual is consistent with Federal Rule of Civil Procedure 4(e). Nev. R. Civ. P. 4.2(a).

Federal Rule of Civil Procedure 4(m) provides in relevant part:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

"Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint." *Crowley*, 734 F.3d at 975 (quotation marks and citation omitted). "However, [n]either actual notice, nor simply naming the person in the caption of the complaint, will subject defendants to personal jurisdiction if service was not made in substantial compliance with Rule 4." *Id*. (quotation marks and citation omitted, alteration original).

"Rule 4(m) provides two avenues for relief. The first is mandatory: the district court must extend time for service upon a showing of good cause. The second is discretionary: if good cause is not established, the district court may extend time for service upon a showing of excusable neglect. Exercise of discretion to extend time to complete service is appropriate when, for example, a statute-of-limitations bar would operate to prevent re-filing of the action." *Crowley,,* 734 F.3d at (quoting *Lemoge v. United States*, 587 F.3d 1188, 1189 (9th Cir. 2009)).

"Good cause to avoid dismissal may be demonstrated by establishing, at minimum, excusable neglect." *Lemoge*, 587 F.3d at n. 3 (citation omitted). "In addition to excusable

neglect, a plaintiff may be required to show the following factors to bring the excuse to the level of good cause: '(a) the party to be served personally received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed.'" *Id*. (quoting *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991)).

The Ninth Circuit has held that "Rule 4(m) explicitly permits a district court to grant an extension of time to serve the complaint *after*" expiration of the 90-day period." *Efaw v. Williams*, 473 F.3d 1038, 1041 (citation and quotation marks omitted). "District courts have broad discretion to extend time for service under Rule 4(m)." *Efaw*, 473 F.3d at 1041.

Here, the Court directed the Clerk to issue summonses for Defendants and deliver them to the U.S. Marshal for service. The court also directed the Clerk to send Plaintiff three USM-285 forms, which were to be furnished to the U.S. Marshals with the relevant information for service. (ECF No. 21.) The summonses were issued on June 28, 2021. (ECF No. 22.) On August 9, 2021, the summonses were returned executed. (ECF No. 23.) Deputy U.S. Marshal Quinn Pardo indicated that Brent Roepke, who was designated to accept service of process on behalf of NaphCare, was served for Plaintiffs on August 9, 2021. (ECF Nos. 23, 23-1, 23-2.)

Service effectuated by the U.S. Marshal was not proper, as neither Rule 4 nor Nevada's corollary would permit service on a NaphCare supervisor to constitute service on these individuals. The question then, is whether the action should be dismissed without prejudice, or whether Plaintiff should be given an extension of time to properly serve Defendants.

The court finds that good cause and excusable neglect exist to justify an extension of time to serve the amended complaint because the Ninth Circuit has held that an incarcerated pro se

5

litigant proceeding IFP is entitled to rely on the U.S. Marshals to effect service. *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990).

Here, as far as Plaintiff knew, the Defendants still worked for NaphCare at the WCDF, and this is the address he supplied to the U.S. Marshals for service, and the deputy U.S. Marshal filed the returns indicating that service had been completed. As noted above, it appears the U.S. Marshal did not in fact properly serve the Defendants under Rule 4.

"[H]aving provided the necessary information to help effectuate service, plaintiff should not be penalized by having his or her action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform the duties required of each of them under 28 U.S.C. § 1915(c) and Rule 4 of the Federal Rules of Civil Procedure." *Puett*, 912 F.3d 275. A dismissal under these circumstances would be an abuse of discretion under *Puett*.

In addition, it appears that Defendants have received actual notice of the lawsuit because their counsel filed this motion. There would not be much prejudice to Defendants in having to be properly served, while Plaintiff would suffer great prejudice if his case were dismissed.

As such, the motion to dismiss should be denied insofar as it is based on the lack of proper service. Plaintiff should be given an additional 90 days from the date of any order adopting this Report and Recommendation to properly serve Defendants. The Clerk should be directed to send Plaintiff three additional USM-285 forms and supply the relevant information (i.e., the addresses for the defendants)[1] to the U.S. Marshals. The court appreciates that this may be a difficult task for an incarcerated, pro se, IFP inmate; however, the Ninth Circuit in *Puett* stated that the burden was on the plaintiff to supply the necessary information, and did not

---

[1] The declaration accompanying Defendants' motion indicates that Defendants are no longer employed by NaphCare and no longer work at the WCDF.

remand for the U.S. Marshal to investigate and supply valid addresses for the Defendants. Plaintiff might obtain this information through a properly issued subpoena duces tecum asking NaphCare to provide Defendants last known address to the court under seal. In addition, Plaintiff should specify in the USM-285 form that personal service is required.

**B. Statute of Limitations**

Defendants argue that Plaintiff filed his original complaint on April 15, 2019; however, he knew or should have known of his injury prior to that time because he alleges that as of April 4, 2017, the plan was to amputate his toe.

Section 1983 does not contain its own statute of limitations; therefore, federal courts borrow the statute of limitations for section 1983 claims applicable to personal injury claims in the forum state. *See Wilson v. Garcia*, 471 U.S. 261, 279-80 (1985); *Pouncil v. Tilton*, 704 F.3d 568, 573 (9th Cir. 2012). In Nevada, the statute of limitations for personal injury claims, and therefore section 1983 actions brought here, is two years. Nev. Rev. Stat. 11.190(4)(e); *see also Perez v. Seevers*, 869 F.2d 425, 426 (9th Cir. 1989).

"A statute of limitations begins to run on the date on which the plaintiff's claim 'accrues.'" *Pouncil*, 704 F.3d at 573 (citation omitted). "Federal law determines when a cause of action for a Section 1983 claim accrues and, hence, when the statute of limitations begins to run." *Id*. (citation omitted). Under federal law, a claim accrues "when the plaintiff knows or has reason to know of the injury that is the basis of the action." *Id*. at 574 (citation omitted).

In his response, Plaintiff provides a declaration and supporting documentation that a prison medical request was entered on April 17, 2017, for surgery to amputate part of Plaintiff's

toe during the week of April 24, 2017.[2] As such, Plaintiff contends that his action was filed within the two-year statute of limitations.

To the extent Plaintiff's amended complaint alleges that Defendants' failure to provide him with adequate or timely treatment for his toe infection contributed to part of his toe being amputated, his claim is within the statute of limitations. The amputation can be construed as the injury which is the basis for the action, and since the amputation did not occur until the week of April 24, 2017, and his complaint was filed on April 15, 2019, the complaint was timely filed. Therefore, Defendants' motion should be denied insofar as they argue Plaintiff's action is barred by the statute of limitations.

### III. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order **DENYING** Defendants' motion to dismiss (ECF No. 25).

The deadline to complete service should be extended **90 days** from the date of any order adopting this Report and Recommendation. The Clerk should be directed to issues summonses for the three Defendants and deliver the same, along with sufficient copies of the amended complaint (ECF No. 20) and any order adopting this Report and Recommendation to the U.S. Marshal for service on the Defendants. The Clerk should be directed to send Plaintiff three USM-285 forms along with the instructions for completing the forms. Plaintiff should be given 21 days to return the completed USM-285 forms to the U.S. Marshals Service at 400 South

---

[2] The court points out that this document contains a notation that sentencing was set for April 24, 2017, which may raise a question as to whether Plaintiff was a detainee or was convicted, and in turn, whether the Fourteenth Amendment or Eighth Amendment analysis applies to his medical care claim. If Plaintiff was already convicted when he received the allegedly inadequate medical care, then the Eighth Amendment deliberate indifference standard applies. If it was pre-conviction and he was still considered a detainee, then the Fourteenth Amendment standard applies.

Virginia Street, Room 201, Reno, Nevada 89501. If the U.S. Marshals are unable to serve any defendant and Plaintiff wishes to have service attempted again, he must file a timely motion specifying another address, or whether some other manner of service should be attempted. Plaintiff should be cautioned that a failure to timely and properly complete service may result in the dismissal without prejudice of the defendant(s) who are not timely/properly served.

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: January 10, 2022

_____
William G. Cobb
United States Magistrate Judge