UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JOSE ISAIAS CABRERA, | Case No. 3:19-cv-00200-MMD-CSD |
| Plaintiff, | ORDER |
| v. | |
| FRANCES KOCIJANSKI, *et al.*, | |
| Defendants. | |

**I.    SUMMARY**

*Pro se* Plaintiff Jose Isaias Cabrera, who is an inmate in federal custody, brings this action under 42 U.S.C. § 1983 regarding alleged deliberate indifference to his serious medical needs when he was a pretrial detainee at the Washoe County Detention Facility ("WCDF") in Reno, Nevada. (ECF No. 20.) Before the Court is a Report and Recommendation ("R&R") of United States Magistrate Judge William G. Cobb (ECF No. 41),[1] recommending the Court deny Defendants Frances Kocijanski, Kaandice Schultz, and Jennifer Snidow's motion to dismiss (ECF No. 25 ("Motion")). Defendants filed an objection to the R&R.[2] (ECF No. 44 ("Objection").) Because the Court agrees with Judge Cobb's analysis in the R&R, finds the Objection unpersuasive, and as further explained below, the Court will adopt the R&R and deny the Motion.

**II.    BACKGROUND**

The Court incorporates by reference Judge Cobb's recitation of Cabrera's allegations in his first amended complaint provided in the R&R, which the Court adopts.

---

[1] Judge Cobb retired after he issued this R&R. (ECF No. 43.) United States Magistrate Judge Craig S. Denney now presides over this case. (*Id.*)

[2] Cabrera did not file a response to the Objection, though the deadline for doing so has passed.

(ECF No. 41 at 1-3.) In their Motion, Defendants moved to dismiss on two grounds: (1) for improper service; and (2) because Cabrera's claims are barred by the applicable statute of limitations. (*Id.* at 3.) Judge Cobb recommends the Court deny the Motion in full and give Cabrera an additional opportunity to attempt service of Defendants. (*Id.* at 3-9.)

In their Objection, Defendants only object to Judge Cobb's recommendation that the Court decline to dismiss this case on statute of limitations grounds. (ECF No. 44.) The Court accordingly only summarizes Judge Cobb's recommendation as to that argument here. Judge Cobb specifically recommends the Court deny Defendants' Motion to the extent based on Defendants' statute of limitations argument because the amputation of Cabrera's toe can be construed as an injury separate from the ingrown toenail and infection that led to the amputation under *Pouncil v. Tilton*, 704 F.3d 568 (9th Cir. 2012). (ECF No. 41 at 7-8.) Because the amputation occurred within two years of Plaintiff's filing of his complaint, Judge Cobb reasons that Cabrera's case is not barred by the applicable statute of limitations. (*Id.* at 8.)

### III.   LEGAL STANDARD

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the Court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." *Id.* The Court's review is thus de novo as to Defendants' statute of limitations argument because Defendants filed their Objection. (ECF No. 44.)

### IV.   DISCUSSION

While Defendants' Objection primarily relies on the nonbinding and distinguishable *Smith v. Zavodny*, Case No. C10-5188BHS JRC, 2011 WL 1217816 (W.D. Wash. Feb. 14, 2011), *report and recommendation adopted*, Case No. C10-5188BHS, 2011 WL

1188827 (W.D. Wash. Mar. 29, 2011)[3] (ECF No. 44 at 2), Judge Cobb's analysis in the R&R relied on the binding precedent of *Pouncil* (ECF No. 41 at 7-8). The Court finds that *Pouncil* supports Judge Cobb's analysis as to when the statute of limitations began to run in this case, not Defendants' analysis presented in their Objection, and will accordingly overrule the Objection. Moreover, Defendants' omission of any discussion of *Pouncil* in their Objection renders their Objection even less persuasive considering that Judge Cobb relied on *Pouncil* in the R&R.

The Ninth Circuit Court of Appeals' opinion in *Pouncil* is colored by an important presumption absent from both Defendants' Motion and their Objection: that *pro se* complaints are liberally construed to protect the right of *pro se* litigants to meaningful access to the courts. *See* 704 F.3d at 574-75. And substantively, the *Pouncil* court reached an outcome that ultimately renders Defendants' argument in their Objection unpersuasive: given the choice between two dates as the trigger point to set the statute of limitations running, the *Pouncil* court chose the later of the two. *See id.* at 581-83. The *Pouncil* court affirmed "the district judge's finding that the denial of Pouncil's request for a conjugal visit in 2008 is a separate, discrete act, rather than a mere effect of the 2002 denial. This is so, because Pouncil alleges, and the record supports, that the second denial is a stand-alone violation of Pouncil's First Amendment and RLUIPA rights from which the statute of limitations runs anew." *Id.* at 581.

Similarly, here, Cabrera alleges that his toenail became ingrown and Defendants repeatedly failed to fix it. (ECF No. 41 at 1-3.) Then Defendants failed to do proper wound care and his toe got so infected that he contracted MRSA and osteomyelitis. (*Id.* at 3.) And then his toe had to be amputated, which has affected "how he can walk and run and caused him further injuries as he tries to rebalance and compensate for the loss of his

---

[3]The plaintiff in *Smith* was trying to sue a doctor who casted his broken finger 21 years earlier and the order Defendants rely on did not address the plaintiff's claims against other doctors subsequently involved in his treatment. *See* 2011 WL 1217816, at *1-*2. Moreover, the plaintiff in *Smith* did not suffer an analogously independent injury like Cabrera's amputation here that could have brought him within the applicable statute of limitations under *Pouncil*, which post-dates *Smith* in any event. *See generally id.*

1  toe." (*Id.*)

2  Judge Cobb found that the amputation is a separate injury for statute of limitations
3  purposes under *Pouncil*. (*Id.* at 7-8.) The Court agrees with Judge Cobb on this crucial
4  point and accordingly overrules Defendants' Objection. According to Cabrera's
5  allegations, his toe would not have needed to be amputated, and his balance and gait
6  accordingly would never have been adversely affected if Defendants had not been
7  deliberately indifferent to his serious medical needs. The amputation is accordingly alleged
8  as a stand-alone violation of Cabrera's rights and is thus an independently wrongful
9  violation bringing the filing of this case within the applicable statute of limitations given the
10 date the amputation occurred. (*Id.* at 7-8.) *See also Pouncil*, 704 F.3d at 581-83. Moreover,
11 Judge Cobb's recommendation is the just and correct one in view of the liberal
12 presumptions that apply to cases filed by *pro se* litigants. *See id.* at 574-75.

13 **V.    CONCLUSION**

14 The Court notes that the parties made several arguments and cited to several cases
15 not discussed above. The Court has reviewed these arguments and cases and determines
16 that they do not warrant discussion as they do not affect the outcome of the issues before
17 the Court.

18 It is therefore ordered that Defendants' Objection (ECF No. 44) to the Report and
19 Recommendation of United States Magistrate Judge William G. Cobb is overruled. The
20 Report and Recommendation (ECF No. 41) is accepted and adopted in full.

21 It is further ordered that Defendants' motion to dismiss (ECF No. 25) is denied.

22 It is further ordered that Cabrera's deadline to complete service of Defendants is
23 extended to 90 days from the date of entry of this order.

24 The Clerk of Court is directed to issue summonses for all three Defendants and
25 deliver the same, along with sufficient copies of the amended complaint (ECF No. 20) and
26 this order, to the United States Marshals' Service for service on Defendants.

27 The Clerk of Court is further directed to send Cabrera three USM-285 forms along
28 with the instructions for completing the forms.

It is further ordered that Cabrera must return the completed USM-285 forms to the United States Marshals' Service at 400 South Virginia Street, Room 201, Reno, Nevada 89501 within 21 days of the date of entry of this order.

It is further ordered that, if the United States Marshals' Service is unable to serve any Defendant and Cabrera wishes to have service attempted again, he must file a timely motion specifying another address, or whether some other manner of service should be attempted.

It is further ordered that, if Cabrera fails to timely and properly complete service in line with this order, the Court may dismiss without prejudice and without further advance notice any and all Defendants who are not properly served.

DATED THIS 18th Day of March 2022.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE